## Case No. 6,413.

### HERNANDEZ v. AURY.

### [1 Jour. Jur. 131.]

District Court, D. South Carolina. March, 1818.

#### PRIZE—FOREIGN VESSELS.

The district courts of the United States will not assume jurisdiction of prize matters of foreign nations occurring upon the high seas flagrante bello.

In admiralty.

DRAYTON, District Judge. The defendant has been brought before me, by a writ of habeas corpus cum causa, upon which the marshal has returned that the body of the defendant is detained by virtue of a process from the court of admiralty, issued on the 16th inst., in the above case. Upon inquiring into the merits of that process, it appears to be founded on an affidavit and petition for process in the admiralty, of Hugh E. Vincent, in the following words: "That on the 19th day of May, in the year of our Lord one thousand eight hundred and fourteen, the Spanish schooner Conception, owned by ——— Hernandez, merchant, at the city of Matanzas, in the island of Cuba, of which Juan Fabre was master, and your petitioner navigator, or second officer, sailed from Portland, in the district of Maine, bound to Matanzas, in the island of Cuba, with a cargo of beef, lumber, and other articles; that on the 20th day of June following, being in the Old Straits, fell in with the Carthaginian privateer schooner Velona, or a name very similar thereto, commanded by ——— Aury, commonly called and known as Commodore Aury; that a considerable number of articles, belonging to the said schooner, were first taken from her by the crew of the said privateer; that the crew of the said schooner Conception were taken out of her, and carried on board the said privateer; when the said schooner was taken possession of by the said privateer and sunk. The crew of the schooner were put on board an open boat, and with considerable hazard and difficulty reached the shore on the island of Cuba. Your petitioner further states, that the value of the cargo was about four thousand dollars, exclusive of the probable profit, which would have accrued, if it had been carried to its port of destination. That the said schooner, at least, was worth four thousand dollars, being sound and stanch, and about one hundred and five tons burthen. Your petitioner further shows, that he has good reason to believe that the said ——— Aury is now in the city of Charleston, within the jurisdiction of this court. Your petitioner therefore prays that a warrant to arrest the body of the said ———

Aury may issue out of this honorable court, in order that he may answer to the said owner of the said schooner, and all others concerned, for the sinking of the said schooner and cargo; and your petitioner, as in duty bound, will ever pray. H. E. Vincent."

Two grounds have been relied on by Cross, counsel for the defendant: 1st. That both the plaintiff and defendant are foreigners; as appears by the petition for admiralty process, which has been sworn to. That the plaintiff is not within the territory or jurisdiction of the United States, and, although the defendant be at present under the process of the court of admiralty for this district, yet he is a foreigner, unwilling to submit his case to the consideration of the court. 2dly. That the present actor, H. E. Vincent, has no authority to institute a suit of this nature, from the nominal plaintiff, Hernandez, and others, owners of the said Spanish schooner Conception and cargo.

Upon the first ground, the arrest in this case must be dismissed; for it must be recollected, the gist of the matter in dispute is prize or no prize: and upon that, the charge of a marine tort or trespass is superinduced. And as a neutral tribunal, this court of admiralty will carefully avoid taking cognizance of prize matters of foreign nations, occurring upon the high seas, as this is stated to have been. Whatever happened on the occasion at sea, was flagrante bello, betwixt the contending parties; involving directly the question of prize: of course this court will not assume jurisdiction. On this point, the cases in the books are many. It might be otherwise, when a tort is only considered as a marine trespass, and not an incident of a case jure belli. The Invincible [Case No. 7,054]; [Waters v. Collot] 2 Dall. [2 U. S.] 248. Had, indeed, the Conception been brought into this port after the capture, and before condemnation, and any claims had been set up, on the principle of the jus post liminii, by citizens of the United States interested therein, it might have been otherwise; agreeable to the case of Rose v. Himely [4 Cranch, (8 U. S.) 241], and others, which may be cited; it would then have been a matter in rem, suitable for the consideration of this court. But it being otherwise, as for my present consideration, being one in personam, for damages as for a marine tort or trespass, arising from a capture at sea; which, being incidental to the question of prize, must be subjected to the conclusions which I have already drawn on that head.

It is not necessary to enlarge on the second point, as the case is disposed of on the first. It appears, however, that Vincent, who petitioned for admiralty process in this case, is unauthorized on behalf of the owner to do so; and he being a navigator or pilot, only, on board, I should presume, would not place him in that near affinity to the owners of the vessel and cargo, as would enable him to substitute himself for their benefit and be-

hoof in carrying on a suit in a foreign court, without any other authority. Before I dismiss the subject, however, it is proper to observe, this opinion has been entirely grounded on principles touching these two points, which have been argued, and upon them alone. Nothing has been considered as to the military grade of the defendant who is before me; or the authority by which he acted at the time the capture was made. To have touched these heads, would have been to lose sight of that line of neutrality, which the courts of the United States have holden on all matters relating to foreign nations, and particularly to Spanish collisions in the present contest in which the subjects of Spain are engaged. Let the defendant, Aury, be discharged, and the costs incurred be paid by Hugh E. Vincent, the actor in this cause. It is further ordered and adjudged, that the suit instituted in the admiralty against the said Louis Aury, be dismissed with costs.